Kathleen L. Wieneke, Bar #011139
Laura Van Buren, Bar #031669
WIENEKE LAW GROUP, PLC
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
Telephone: (602) 715-1868
Fax: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: lvanburen@wienekelawgroup.com

Attorneys for Defendants Lamb and Gibson

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| ALLISON OBREGON, an individual; ALLISON OBREGON on behalf of and as legal guardian and parent of her minor child, MC; ALLISON OBREGON as pending personal representative of THE ESTATE OF MICHEAL OBREGON; MEAGAN BRADY, individually; MEAGAN BRADY on behalf of and as legal guardian and parent of her minor child, MB;<br><br>Plaintiffs,<br><br>v.<br><br>MARK LAMB and JANE DOE LAMB, husband and wife; BRADY GIBSON and JANE DOE GIBSON, husband and wife; JOHN AND JANE DOES 1-X,<br><br>Defendants. | NO. 2:24-cv-01510-DJH<br><br>**DEFENDANT GIBSON'S ANSWER TO COUNT II OF PLAINTIFFS' COMPLAINT** |

Defendant Gibson admits, denies, and alleges as follows in response to Count II of Plaintiffs' Complaint. Defendant denies each and every allegation and claim for relief that is not expressly admitted or otherwise pled to.

**INTRODUCTION**

Plaintiffs' Introduction does not contain factual allegations against Defendant Gibson to which a response is required. To the extent a response is deemed required, Defendant Gibson admits only that Allison Obregon purports to bring a wrongful death claim and a claim for violation of Michael Obregon's Fourth Amendment rights on behalf

of herself, MC, and the decedent's estate. Defendant Gibson admits that Meagan Brady purports to bring a claim for negligent infliction of emotional distress on her own behalf, and intentional infliction of emotional distress on MB's behalf. Defendant Gibson denies liability for these claims and denies that Plaintiffs are entitled to any damages. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the Introduction, and therefore denies the same.

**JURISDICTION AND VENUE**

1. Responding to Paragraph 1, Defendant Gibson denies that jurisdiction was proper in the Superior Court of Arizona where this Complaint was originally filed and asserts that the District Court for the District of Arizona has jurisdiction over this suit.

2. Paragraph 2 contains no factual allegations against Defendant Gibson, and therefore no response is required. The Complaint speaks for itself.

3. Responding to Paragraph 3, Defendant Gibson denies that jurisdiction was proper in the Superior Court where this Complaint was originally filed and asserts that the District Court for the District of Arizona has jurisdiction over this suit.

4. Responding to Paragraph 4, Defendant Gibson admits that Plaintiffs prepared and served Notices of Claim. Defendant Gibson reserves all arguments regarding the sufficiency of that Notice of Claim.

5. Responding to Paragraph 5, Defendant Gibson admits that venue is proper in the current court.

**PARTIES**

6. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and therefore denies the same.

7. Responding to Paragraph 7, Defendant Gibson admits only that Michael Obregon is deceased. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7 and therefore denies the same.

8. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore denies the same.

9. Defendant Gibson admits the allegations in Paragraph 9 on information and belief.

10. Paragraph 10 contains factual allegations against a defendant other than Defendant Gibson, and therefore no response is required.

11. Defendant Gibson admits the allegations in Paragraph 11.

12. Paragraph 12 contains factual allegations against a defendant other than Defendant Gibson, and therefore no response is required. To the extent a response is deemed required, Defendant Gibson denies that "Jane Doe" Defendants are permissible in federal court.

**FACTUAL ALLEGATIONS**

13. Responding to Paragraph 13, Defendant Gibson admits that Michael Obregon was riding a red motorcycle on the evening of March 16, 2023. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13 and therefore denies the same.

14. Responding to Paragraph 14, Defendant Gibson admits that he was operating his patrol vehicle and activated his vehicle's red and blue lights. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14 and therefore denies the same.

15. Defendant Gibson admits the allegations in Paragraph 15.

16. Defendant Gibson denies the allegations in Paragraph 16.

17. Defendant Gibson admits the allegations in Paragraph 17.

18. Responding to Paragraph 18, Defendant Gibson admits that his interaction with Obregon lasted several minutes, but denies that they "conversed."

19. Responding to Paragraph 19, Defendant Gibson admits that Obregon did not threaten him during the initial part of their interaction, but notes that he observed an

unknown bulky object in the front pocket of Obregon's sweatshirt and noticed Obregon looking and pacing around and pulling at the shoulder straps of his backpack.

20. Defendant admits the allegations in Paragraph 20.

21. Defendant admits the allegations in Paragraph 21.

22. Responding to Paragraph 22, Defendant Gibson admits that Obregon started to run from him.

23. Responding to Paragraph 23, Defendant Gibson admits that Obregon ran towards the driveway gate.

24. Defendant Gibson denies the allegations in Paragraph 24.

25. Responding to Paragraph 25, Defendant Gibson admits that Obregon fell to the ground but denies the timeline of this event as set forth in the Complaint.

26. Defendant Gibson denies the allegations in Paragraph 26.

27. Defendant Gibson denies the allegations in Paragraph 27.

28. Defendant Gibson denies the allegations in Paragraph 28.

29. Defendant Gibson denies the allegations in Paragraph 29.

30. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and therefore denies the same.

31. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and therefore denies the same.

32. Defendant Gibson denies the allegations in Paragraph 32 on information and belief.

33. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and therefore denies the same.

34. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and therefore denies the same.

35. Defendant Gibson denies the allegations in Paragraph 35 on information and belief.

36. Responding to Paragraph 36, Defendant Gibson admits only that MB ran outside after he fired at Obregon.

37. Responding to Paragraph 37, Defendant Gibson lacks knowledge or information sufficient to form a belief about what MB "reported" at an unknown time, and therefore denies the same.

38. Responding to Paragraph 38, Defendant Gibson lacks knowledge or information sufficient to form a belief about what "time" the allegation is referring to, and therefore denies the same. Defendant Gibson denies any allegation that he did not provide timely medical attention to Obregon.

39. Responding to Paragraph 39, Defendant Gibson admits that this a portion of what he said to MB.

40. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and therefore denies the same.

41. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 and therefore denies the same.

42. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and therefore denies the same.

43. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 and therefore denies the same.

44. Defendant Gibson denies the allegations in Paragraph 44.

45. Defendant Gibson denies the allegations in Paragraph 45.

46. Defendant Gibson denies the allegations in Paragraph 46.

47. Responding to Paragraph 47, Defendant Gibson lacks knowledge or information sufficient to form a belief about what MB "reported" at an unknown time, and therefore denies the same. Defendant Gibson denies that MB was "unable to leave."

48. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 and therefore denies the same.

49. Defendant Gibson denies the allegations in Paragraph 49.

5

50. Defendant Gibson denies the allegations in Paragraph 50.

51. Defendant Gibson denies the allegations in Paragraph 51.

52. Defendant Gibson denies the allegations in Paragraph 52.

53. Responding to Paragraph 53, Defendant Gibson admits that MB was extremely angry and argued with the law enforcement members trying to assist her. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 53 and therefore denies the same.

54. Defendant Gibson denies the allegations in Paragraph 54.

55. Defendant Gibson denies the allegations in Paragraph 55.

56. Defendant Gibson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies the same.

57. Defendant Gibson denies the allegations in Paragraph 57.

58. Defendant Gibson denies the allegations in Paragraph 58.

59. Defendant Gibson denies the allegations in Paragraph 59.

60. Defendant Gibson denies the allegations in Paragraph 60.

61. Defendant Gibson denies the allegations in Paragraph 61.

62. Responding to Paragraph 62, Defendant Gibson lacks knowledge or information sufficient to form a belief about what an unnamed witness reported, and therefore denies the same. Defendant Gibson expressly denies that Obregon "at no point brandished or otherwise held a weapon during the interaction."

63. Responding to Paragraph 63, Defendant Gibson lacks knowledge or information sufficient to form a belief about what an unnamed witness reported, and therefore denies the same.

64. Responding to Paragraph 64, Defendant Gibson admits that Ring camera video was recovered from a neighboring house but denies that it fully captured the encounter between him and Obregon.

65. Responding to Paragraph 65, Defendant Gibson admits that the video is from a distance and not all events are visible. Defendant Gibson denies the remaining allegations in Paragraph 65.

66. Defendant Gibson denies the allegations in Paragraph 66. The video does not show this level of detail.

67. Defendant Gibson admits the allegations in Paragraph 67.

68. Responding to Paragraph 68, Defendant Gibson denies that the video shows this level of detail.

69. Responding to Paragraph 69, Defendant Gibson denies that the video shows this level of detail.

70. Responding to Paragraph 70, Defendant Gibson admits that the video shows him firing his weapon. Defendant Gibson lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 70 and therefore denies the same.

71. Responding to Paragraph 71, Defendant Gibson admits that a Smith and Wesson pistol was found several feet from Obregon's body, and that investigators did not locate any rounds from that pistol at the scene.

72. Responding to Paragraph 72, Defendant Gibson admits that he fired ten rounds.

73. Defendant Gibson admits the allegations in Paragraph 73.

74. Defendant Gibson admits the allegations in Paragraph 74.

75. Defendant Gibson denies the allegations in Paragraph 75.

76. Defendant Gibson admits the allegations in Paragraph 76 but denies the timeline set forth in the Complaint.

77. Responding to Paragraph 77, Defendant Gibson admits that he said that he saw Obregon's weapon fall to the ground. He lacks sufficient knowledge or information to respond to the remaining allegations in Paragraph 77 and therefore denies the same.

# COUNT II
## EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983
**(All Defendants)**

90. In answering Paragraph 90, Defendant Gibson incorporates his answers to Paragraphs 1 through 77, above.

91. Paragraph 91 contains a legal conclusion to which no response is required.

92. Defendant Gibson denies that he violated Obregon's constitutional rights. The remainder of Paragraph 92 contains legal conclusions to which no response is required.

93. Defendant Gibson denies the allegations in Paragraph 93.

94. Defendant Gibson denies the allegations in Paragraph 94.

95. Defendant Gibson denies the allegations in Paragraph 95.

96. Defendant Gibson denies the allegations in Paragraph 96.

97. Defendant Gibson denies the allegations in Paragraph 97.

98. Defendant Gibson denies the allegations in Paragraph 98.

99. Defendant Gibson denies the allegations in Paragraph 99.

100. Defendant Gibson denies the allegations in Paragraph 100.

101. Defendant Gibson denies the allegations in Paragraph 101.

102. Defendant Gibson denies the allegations in Paragraph 102.

## JURY TRIAL DEMAND

Defendant Gibson also requests a jury trial on all jury-eligible claims set forth in the Complaint.

## PRAYER FOR RELIEF

In answering the remaining allegations in the Complaint, Defendant denies that Plaintiffs are entitled to the relief sought, or any relief.

## AFFIRMATIVE DEFENSES

Defendant Gibson sets forth the following defenses to Count II of the Complaint. Some of the defenses outlined below are true affirmative defenses (on which Defendant would bear the burden of proof); other defenses are outlined for the purpose of

placing the Plaintiffs on notice of the legal defenses that Defendant will assert for the purpose of allowing Plaintiffs to fully evaluate their claims as this relates to any future request by Defendant for attorneys' fees for any claim that is subject to dismissal by the Court.

1. Plaintiff's claim, in whole or in part, fails to state a claim upon which relief can be granted.

2. Defendant Gibson is entitled to all privileges and immunities, including qualified immunity, extended to governmental employees and/or entities under federal law as described in *Hunter v. Bryant*, 112 S. Ct. 534 (1991) and *Saucier v. Katz*, 121 S. Ct. 2151 (2001).

3. Defendant Gibson's conduct was not driven by evil motive or intent, nor was he reckless or callously indifferent to the decedent's constitutional rights, thereby precluding recovery of punitive or exemplary damages.

4. Defendant Gibson had legal justification for all of his actions and performed and discharged, in good faith, each obligation, if any, owed to the decedent.

5. Defendant Gibson's use of force was justified under *Graham v. Connor*, 490 U.S. 386 (1989) and *Scott v. Harris,* 550 U.S. 372 (2007).

6. Plaintiff may have failed to mitigate her damages, thus barring or reducing the recovery against Defendant Gibson.

7. Defendant Gibson alleges that Plaintiff's decedent engaged in the felony acts of resisting arrest and aggravated assault on a police officer, justifying the need for the officer's use of force.

12. Defendant puts Plaintiffs on notice that further affirmative defenses may be added in an amended answer after discovery. These defenses may include any defense set forth in Rule 8(d) and/or Rule 12(b) of the Federal Rules of Civil Procedure or as otherwise allowed by law.

WHEREFORE, Defendant respectfully requests that:

A. Plaintiffs' Complaint be dismissed with prejudice, and that Plaintiffs take nothing therein;

B. Defendant be awarded his costs, expenses, and attorney fees pursuant to A.R.S. §§ 12-349, 12-350, 13-420, and 12-716.

C. Defendant be awarded such other and further relief as this Court deems just and equitable.

DATED this 30th day of July, 2024.

WIENEKE LAW GROUP, PLC

By: */s/ Laura Van Buren*
Kathleen L. Wieneke
Laura Van Buren
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
*Attorneys for Defendants Lamb and Gibson*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Robert T. Mills
>Sean A. Woods
>MILLS + WOODS LAW, PLLC
>5055 North 12th Street, Suite 101
>Phoenix, Arizona 85014
>*Attorneys for Plaintiffs*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is NOT a registered participant of the CM/ECF System:

>N/A

By:   */s/ Lauren Rasmussen*