Kathleen L. Wieneke, Bar #011139
Laura Van Buren, Bar #031669
WIENEKE LAW GROUP, PLC
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
Telephone: (602) 715-1868
Fax: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: lvanburen@wienekelawgroup.com

*Attorneys for Defendants Lamb and Gibson*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| ALLISON OBREGON, an individual; ALLISON OBREGON on behalf of and as legal guardian and parent of her minor child, MC; ALLISON OBREGON as pending personal representative of THE ESTATE OF MICHEAL OBREGON; MEAGAN BRADY, individually; MEAGAN BRADY on behalf of and as legal guardian and parent of her minor child, MB;<br><br>Plaintiffs,<br><br>v.<br><br>MARK LAMB and JANE DOE LAMB, husband and wife; BRADY GIBSON and JANE DOE GIBSON, husband and wife; JOHN AND JANE DOES 1-X,<br><br>Defendants. | NO. 2:24-cv-01510-KML<br><br>**JOINT CASE MANAGEMENT REPORT** |

The Parties submit their Joint Case Management Reports as follows:

1. <u>List of Parties:</u>

    Plaintiffs:

    - Allison Obregon—individually; on behalf of minor child, "MC"; and as personal representative of the Estate of Michael Obregon;

    - Meagan Brady—individually and on behalf of minor "MB."

    Defendants:

    - Mark Lamb

- Brady Gibson
- Defendants' Note: Plaintiffs have also named "Jane Doe Gibson" and "Jane Doe Lamb," but as Defendants argue in their pending Motion to Dismiss, "Doe" Defendants are not proper in federal court and must be dismissed.

2. <u>Short Statement of the Nature of the Case:</u>

<u>Plaintiffs' Statement:</u>

Plaintiff Allison Obregon ("Allison") brings this action for the wrongful death and murder, and the violation of the Constitutional rights of, her husband Micheal Obregon ("Micheal"), at the hands of Pinal County Sheriff's Deputy and Defendant Brady Gibson ("Defendant Gibson"), whose commanding officer was Pinal County Sheriff and Defendant Mark Lamb. Micheal was also the father of Allison's minor child MC. Defendant Gibson shot Micheal in the back while he was fleeing, and then continued to shoot him while standing over his motionless body, until he was dead. Allison brings this action on her own behalf, on behalf of MC, and on behalf of the Estate of Micheal.

Plaintiff Meagan Brady ("Meagan") brings this action for the intentional infliction of emotional distress caused by Defendants' conduct to her daughter MB, as well as the negligent infliction of emotional distress sustained by having to listen to and watch her daughter be subjected to the emotional distress caused by Defendants.

<u>Defendants' Statement:</u>

On March 16, 2023, Pinal County Sheriff's Deputy Brady Gibson observed a red dirt bike travelling south on Hualapai Road at a high rate of speed. He attempted a traffic stop on the dirt bike, which eventually came to a stop in front of a residence at 19005 W. Mescalero Dr., Casa Grande, AZ. Deputy Gibson activated his emergency lights, slowed his patrol vehicle to a stop, and exited the vehicle near the dirt bike and rider.

Deputy Gibson observed that the rider of the dirt bike—now known to be Michael Obregon—had an unknown bulky object in the front pocket of his sweatshirt. He was pacing around and pulling at the shoulder straps of his backpack. He appeared nervous and Deputy

Gibson thought that he was planning to run. Obregon admitted that he had outstanding warrants, and Deputy Gibson asked him for his ID. Obregon began dropping and picking up items from his wallet, and eventually provided Deputy Gibson with his Arizona drivers' license.

Deputy Gibson returned to his patrol vehicle to update the Pinal County Sheriff's Office (PCSO) about the traffic stop. Obregon turned and then ran toward the driveway gate before tripping and falling to the ground, landing prone. Deputy Gibson gave chase and moved atop Obregon's back while transmitting an emergency call for assistance. Meanwhile, Obregon's hands were underneath him near the front of his waist band, attempting to manipulate something. Obregon then brandished a black and silver handgun. Gibson pushed himself off Obregon, began backing away, and drew his own firearm. Obregon rolled to his side and pointed his handgun at Gibson. He could see the barrel of Obregon's handgun and believed Obregon was going to shoot and kill him. Obregon's actions constituted aggravated assault on an officer under A.R.S. §§ 13-1203 and -1204.

Deputy Gibson discharged his weapon in response to the imminent deadly threat posed by Obregon. He saw Obregon's handgun fall to the ground. He gathered his medical trauma first aid bag and began rendering medical aid. Obregon died on the scene from his gunshot wounds. A black and silver handgun was found feet from where he lay.

The shooting occurred on or near the property occupied by Plaintiff Meagan Brady and her daughter, MB. Meaghan Brady and MB are not related to Obregon, and neither witnessed the shooting. After the shooting, MB stood at the caution tape surrounding the scene, demanding that she be allowed to cross the yard and re-enter her house. After about an hour, a sheriff's deputy escorted her down the street to her mother. Meagan Brady now brings a claim on MB's behalf for intentional infliction of emotional distress; she also brings her own claim for negligent infliction of emotional distress arising out of MB's distress. Meagan Brady and Plaintiff Allison Obregon (discussed below) have sued Deputy Gibson and Pinal County Sheriff Mark Lamb.

Plaintiff Allison Obregon is Obregon's widow and the personal representative of his Estate. She brings a Section 1983 claim for violation of the Fourth Amendment against Defendants Gibson and Lamb. She also brings claims for gross negligence and battery, as well as "wrongful death" and "survival actions."

Defendant Gibson filed an Answer to the Fourth Amendment claim, only. (Doc. 12). Defendants Lamb and Gibson filed a joint motion to dismiss the remaining claims. (Doc. 11). Defendants incorporate the legal arguments and affirmative defenses raised in those documents. In addition, Defendant Gibson's Fourth Amendment claim will because the shooting was objectively reasonable and did not violate Obregon's constitutional rights under *Graham v. Connor*, 490 U.S. 386 (1989). Obregon had committed aggravated assault by threatening Gibson with a deadly weapon, making him fear for his life; he posed an immediate threat (the most important *Graham* factor); and he was actively resisting or trying to evade arrest by flight. Additionally, Defendant Gibson is entitled to qualified immunity.

3. <u>Jurisdictional Basis:</u>

This Court has original jurisdiction over the 42 U.S.C. § 1983 constitutional claim pursuant to 28 U.S.C. § 1441(a), and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1441(c).

4. <u>Any Parties which have not been served and why:</u>

Defendants Mark Lamb and Brady Gibson have both been served.

5. <u>Statement whether any party expects to add additional parties to the case or otherwise to amend pleadings:</u>

Plaintiffs anticipate responding to Defendants' motion to dismiss and if this Court grants in part or full the Defendants' motion to dismiss, would request leave to amend the complaint to address any deficiencies this Court finds. Plaintiffs do not anticipate adding any additional parties.

Defendants do not expect to add additional parties or otherwise amend pleadings.

6. <u>List of contemplated motions:</u>

Defendants have filed a motion to dismiss all claims except for the Fourth Amendment claim against Defendant Gibson. Defendants anticipate filing a motion for summary judgment at the close of discovery arguing that Defendant Gibson did not violate Michael Obregon's Fourth Amendment rights and that he is entitled to qualified immunity. Defendants will file motions in *limine* and *Daubert*/Rule 702 motions as necessary.

Plaintiffs anticipate potentially filing dispositive motions regarding liability following close of discovery. Plaintiffs will file motions in *limine* and *Daubert/*Rule 702 Motions as necessary.

7. <u>Whether the parties will consent to the assignment of this action to a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c):</u>

The parties do not consent to assignment of this action to a United States Magistrate Judge.

8. <u>Status of related cases:</u>

None.

9. <u>When will the parties Fed. R. Civ. P. 26(a) Initial Disclosures:</u>

The parties will serve Initial Disclosure Statements by **<u>August 27, 2024</u>**.

10. <u>A written plan relating to disclosure or discovery of electronically stored information, including the form or forms in which it will be produced (see Fed. R. Civ. P 16(b)(3)(B)(iii); Fed. R. Civ. P. 26(f)(3) (C)):</u>

The parties agree that this is not a case involving complex ESI issues. Therefore, the parties agree to produce electronically stored information in PDF format when capable of doing so as well as in its native format.

11. <u>Any issues relating to claims of privilege or work product:</u>

None at this time.

12. <u>Necessary Discovery:</u>

   a.   <u>The extent, nature, and location of discovery anticipated by the parties:</u>

Defendants anticipate serving written discovery on Plaintiffs to obtain information

regarding the facts underlying their claims, their damages, the decedent's background, and any damages of the decedent's estate. Defendants will serve subpoenas on appropriate third parties, to include Plaintiffs' and the decedent's medical providers and employers. Defendants also anticipate serving subpoenas to obtain MB's and MC's school records. Defendants anticipate taking the deposition of Plaintiffs and any others who may provide information on the decedent's background and the damages alleged in this case, as well as any experts retained by Plaintiff.

Plaintiffs anticipate serving written discovery on Defendants to obtain information regarding training, history, Defendant background information, and any other information available related to the facts and claims in Plaintiffs' complaint. Plaintiffs anticipate deposing the Defendants and any others who may have information relating to the facts plead in the complaint. Plaintiffs anticipate deposing any experts retained by Defendants.

b. <u>The scope of discovery and whether discovery should be conducted in phases or should be limited to focus on particular issues.</u>

The parties agree to conduct liability and damages discovery at the same time.

c. <u>Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure.</u>

None.

d. <u>The number of hours permitted for each deposition, unless modified by agreement of the parties.</u> *See* Fed. R. Civ. P. 30(d)(1).

The parties agree to the seven-hour time limitation set forth in Fed. R. Civ. P. 30(d).

13. <u>Proposed specific dates for each of the following:</u>

a. Deadline for the completion of fact discovery: **Friday, May 9, 2025**.

b. Deadline for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C):

- Plaintiff's expert disclosure: **June 6, 2025**.
- Defendants' expert disclosure: **July 11, 2025**
- Rebuttal expert disclosures: **August 1, 2025**

6

1     c. Deadline for completion of all expert depositions: **September 12, 2025**.

    d. Deadline for filing dispositive motions, including any *Daubert* motions: **October 10, 2025**.

    e. Deadline to engage in good faith settlement talks: **March 1, 2026**.

14. <u>Is A Jury Trial Requested:</u>

 Yes.

15. <u>Estimated Length of Trial</u>

 10 days.

16. <u>Prospects For Settlement</u>

 The parties do not believe any settlement discussions would be fruitful at this time.

DATED this 20th day of August, 2024.

        **WIENEKE LAW GROUP, PLC**

     By: */s/ Laura Van Buren*
       Kathleen L. Wieneke
       Laura Van Buren
       1225 West Washington Street, Suite 313
       Tempe, Arizona 85288
       *Attorneys for Defendants Lamb and Gibson*

       And

       **MILLS + WOODS LAW, PLLC**

     By: */s/ Sean A. Woods (with permission)*
       Robert T. Mills
       Sean A. Woods
       5055 North 12th Street, Suite 101
       Phoenix, Arizona 85014
       *Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Robert T. Mills
>Sean A. Woods
>MILLS + WOODS LAW, PLLC
>5055 North 12th Street, Suite 101
>Phoenix, Arizona 85014
>*Attorneys for Plaintiffs*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is NOT a registered participant of the CM/ECF System:

>N/A

By:  */s/ Lauren Rasmussen*