1
2
3
4
5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF ARIZONA**

| | |
|---|---|
| ALLISON OBREGON, an individual; ALLISON OBREGON on behalf of and as legal guardian and parent of her minor child, MC; ALLISON OBREGON as pending personal representative of THE ESTATE OF MICHEAL OBREGON; MEAGAN BRADY, individually; MEAGAN BRADY on behalf of and as legal guardian and parent of her minor child, MB; | NO. 2:24-cv-01510-KML **PROPOSED CASE MANAGEMENT ORDER** |
| Plaintiffs, | |
| v. | |
| MARK LAMB and JANE DOE LAMB, husband and wife; BRADY GIBSON and JANE DOE GIBSON, husband and wife; JOHN AND JANE DOES 1-X, | |
| Defendants. | |

On **[DATE]**, a Case Management Conference was held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The parties met before the conference in accordance with Rule 26(f) and prepared a Case Management Report.

Upon consideration of the matters discussed at the Case Management Conference and further review of the proposed deadlines in the Case Management Report after the Case Management Conference,

**IT IS HEREBY ORDERED:**

1)     <u>Deadline for Initial Disclosures</u>.  Initial disclosures required by Federal Rule of Civil Procedure 26(a), shall be exchanged no later than **<u>August 27, 2024</u>**.

2)    <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>.  The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **60 days** from the date of this Order.

3)    <u>Discovery Limitations</u>.  Depositions in this case shall be limited to seven hours each as provided in Rule 30(d)(2) of the Federal Rules of Civil Procedure. Each side may propound up to 25 interrogatories, including subparts, 25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts. The limitations set forth in this paragraph may be increased by mutual agreement of the parties, but such an increase will not result in an extension of the discovery deadlines set forth below.

4)    <u>Deadline for Completion of Fact Discovery.</u> The deadline for completing fact discovery, including discovery by subpoena shall be **May 9, 2025.** To ensure compliance with this deadline, the following rules shall apply:

a)    Initial written discovery requests pursuant to Rules 33 and 34 shall be served by **March 25, 2025.** In no case shall written discovery requests be served later than **45 days** before the discovery deadline.

b)    Initial deposition notices pursuant to Rule 30 or 31 shall be served by **April 9, 2025.** Deposition notices shall be noticed no later than **five working days** prior to the discovery deadline. A deposition commenced five days prior to the deadline may continue up until the deadline, as necessary.

c)    The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

d)    Special Provisions Regarding Rule 34 Responses: Objections to Rule 34 document production requests shall be stated with specificity; general or boilerplate objections are not permitted. Document production in response to a Rule 34 request must be completed no later than the time specified in the request or another reasonable time

2

specified in the response. An objection to a Rule 34 request must state whether any responsive materials have been withheld on the basis of that objection.

    5)    <u>Deadlines for Disclosure of Experts and Completion of Expert Discovery.</u>

        a)    The Plaintiff(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **<u>June 6, 2025</u>**.

        b)    The Defendant(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **<u>July 11, 2025</u>**.

        c)    Rebuttal expert disclosures, if any, shall be made no later than **<u>August 1, 2025</u>**. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

        d)    Expert depositions shall be completed no later than **<u>September 12, 2025.</u>** As with fact witness depositions, expert depositions shall be scheduled to commence at least five working days before the deadline.

        e)    Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B). Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above. Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify, but must also provide a summary of the facts and opinions to which the expert will testify. The summary, although clearly not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.[1]

---

[1] In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id*. at 826. Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required. *Id*. For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures will suffice.

f) As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on the dates set forth above; absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates. The Court notes, however, that it usually permits parties to present opinions of their experts that were elicited by opposing counsel during depositions of the experts. Counsel should depose experts with this fact in mind.

g) Each side shall be limited to one retained or specially employed expert witness per issue.

6) <u>Discovery and Disclosure Disputes.</u>

a) The parties shall not file written discovery motions or motions for sanctions without leave of Court. If a discovery dispute arises between the parties, the parties promptly shall contact the Court to request a telephone conference concerning the dispute. The Court will seek to resolve the dispute during the telephone conference and may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if it does not resolve the dispute during the telephone conference.

b) Parties shall not contact the Court concerning a discovery or disclosure dispute or motion without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j). Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

c) Counsel shall promptly attempt to resolve discovery and disclosure disputes and shall promptly bring unresolved discovery and disclosure disputes to the Court's attention. Absent extraordinary circumstances, the Court will not entertain fact discovery and disclosure disputes later than **45 days** after the deadline for completion of fact discovery and will not entertain expert discovery and disclosure disputes later than **30 days** after the deadline for completion of expert discovery.

1          7)       Deadline for Filing Dispositive Motions.

2                   a)       Dispositive motions shall be filed no later than **October 10, 2025.**

3    Such motions must comply in all respects with the Federal Rules of Civil Procedure and the

4    Local Rules.

5                   b)       No party shall file more than one motion for summary judgment under

6    Rule 56 of the Federal Rules of Civil Procedure unless permission is first obtained from the

7    Court.

8                   c)       Statements of fact required by Local Rule of Civil Procedure 56.1 shall

9    not exceed ten pages in length, exclusive of exhibits.

10                  d)       Failure to respond to a motion within the time periods provided in

11   Local Rule of Civil Procedure 7.2 will be deemed a consent to the denial or granting of the

12   motion and the Court may dispose of the motion summarily pursuant to Local Rule of Civil

13   Procedure 7.2(I).

14                  e)       The parties shall not notice oral argument on any motion. Instead, a

15   party desiring oral argument shall place the words "Oral Argument Requested" immediately

16   below the title of the motion pursuant to Local Rule of Civil Procedure 7.2(f). The Court

17   will issue a Minute Entry Order scheduling oral argument as it deems appropriate.

18          8)       Briefing Requirements.

19                  a)       All memoranda filed with the Court shall comply with Local Rule of

20   Civil Procedure 7.1(b) requiring 13-point font in text and footnotes.

21                  b)       Citations in support of any assertion in the text shall be included in the

22   text, not in footnotes.

23          9)       Deadline for Engaging in Good Faith Settlement Talks. All parties and their

24   counsel shall meet in person and engage in good faith settlement talks no later than **March

25   1, 2026**. Upon completion of such settlement talks, and in no event later than five working

26   days after the deadline set forth in the preceding sentence, the parties shall file with the

27   Court a Joint Report on Settlement Talks executed by or on behalf of all counsel. The Report

28   shall inform the Court that good faith settlement talks have been held and shall report on

the outcome of such talks. The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

10) <u>Deadline for Notice of Readiness for Pretrial Conference.</u> The Plaintiff(s) shall notify the Court that the parties are ready for scheduling of a Final Pretrial Conference pursuant to Rule 16(d) of the Federal Rules of Civil Procedure.  The Plaintiff(s) shall file and serve this notice **within seven (7) days** after the dispositive motion deadline if no dispositive motions are pending on that date.  If dispositive motions are pending, Plaintiff(s) shall file and serve such notice **within seven (7) days** after the resolution of dispositive motions.  The Court will then issue an Order Setting Final Pretrial Conference that (a) sets deadlines for briefing motions in limine, (b) includes a form for the completion of the parties' joint proposed Final Pretrial Order, and (c) otherwise instructs the parties concerning their duties in preparing for the Final Pretrial Conference.  A firm trial date will be set at the Final Pretrial Conference.

11) <u>The Deadline Are Real.</u> **The parties are advised that the Court intends to enforce the deadlines set forth in this Order and should plan their litigation activities accordingly. Even if all parties stipulate to an extension, the Court will not extend the deadlines, absent good cause to do so.  The pendency of settlement discussions or the desire to schedule mediation does not constitute good cause, unless discovery is substantially complete and the extension requested is minimal**.


DATED: _____


_____
Honorable Krissa M. Lanham
United States District Judge