Kathleen L. Wieneke, Bar #011139
Laura Van Buren, Bar #031669
WIENEKE LAW GROUP, PLC
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
Telephone: (602) 715-1868
Fax: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: lvanburen@wienekelawgroup.com

Attorneys for Defendants Lamb and Gibson

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| ALLISON OBREGON, an individual; ALLISON OBREGON on behalf of and as legal guardian and parent of her minor child, MC; ALLISON OBREGON as pending personal representative of THE ESTATE OF MICHEAL OBREGON; MEAGAN BRADY, individually; MEAGAN BRADY on behalf of and as legal guardian and parent of her minor child, MB;<br><br>Plaintiffs,<br><br>v.<br><br>MARK LAMB and JANE DOE LAMB, husband and wife; BRADY GIBSON and JANE DOE GIBSON, husband and wife; JOHN AND JANE DOES 1-X,<br><br>Defendants. | NO. 2:24-cv-01510-PHX-KML<br><br>**DEFENDANT GIBSON'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendant Gibson admits, denies, and alleges as follows in response to Counts II and IV, only, of Plaintiffs' First Amended Complaint.[1] Defendant denies each and every allegation and claim for relief that is not expressly admitted or otherwise pled to.

---

[1] Defendants have filed a Motion to Dismiss portions of the First Amended Complaint. This Answer is filed on behalf of Defendant Gibson, only, as to Plaintiff Alison Obregon's claims for excessive force under the Fourth Amendment and 42 U.S.C. § 1983 (Count II) and battery (Count IV), only. The remaining allegations in the First Amended Complaint fail to state a claim.

## INTRODUCTION

Plaintiffs' Introduction does not contain factual allegations against Defendant Gibson to which a response is required. To the extent a response is deemed required, Defendant Gibson admits only that Allison Obregon purports to bring a wrongful death claim and a claim for violation of Michael Obregon's Fourth Amendment rights on behalf of herself, MC, and the decedent's estate. Defendant Gibson admits that Meagan Brady purports to bring a claim for intentional infliction of emotional distress on MB's behalf. Defendant Gibson denies liability for these claims and denies that Plaintiffs are entitled to any damages. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the Introduction, and therefore denies the same.

## JURISDICTION AND VENUE

1. Responding to Paragraph 1, Defendant Gibson denies that jurisdiction was proper in the Superior Court of Arizona where this Complaint was originally filed. Defendant asserts that the District Court for the District of Arizona has jurisdiction over this suit. Defendant denies that the events alleged in the FAC occurred in Maricopa County, Arizona.

2. Paragraph 2 contains no factual allegations against Defendant Gibson, and therefore no response is required. The Complaint speaks for itself.

3. Responding to Paragraph 3, Defendant Gibson denies that jurisdiction was proper in the Superior Court where this Complaint was originally filed and asserts that the District Court for the District of Arizona has jurisdiction over this suit.

4. Responding to Paragraph 4, Defendant Gibson admits that Plaintiff prepared and served a Notice of Claim. Defendant Gibson reserves all arguments regarding the sufficiency of that Notice of Claim.

5. Responding to Paragraph 5, Defendant Gibson admits that venue is proper in the current court.

**PARTIES**

6. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and therefore denies the same.

7. Responding to Paragraph 7, Defendant Gibson admits only that Michael Obregon is deceased. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7 and therefore denies the same.

8. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore denies the same.

9. Defendant Gibson admits the allegations in Paragraph 9 on information and belief.

10. Paragraph 10 contains factual allegations against a defendant other than Defendant Gibson, and therefore no response is required. To the extent a response is deemed required, Defendant Gibson admits only that Defendant Lamb was Sheriff of Pinal County at all relevant times.

11. Defendant Gibson admits the allegations in Paragraph 11.

**FACTUAL ALLEGATIONS**

12. Responding to Paragraph 12, Defendant Gibson admits that Michael Obregon was riding a red motorcycle on the evening of March 16, 2023. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12 and therefore denies the same.

13. Responding to Paragraph 13, Defendant Gibson admits that he was operating his patrol vehicle and activated his vehicle's red and blue lights after seeing Obregon commit a traffic violation. Defendant Gibson denies the remaining allegations in Paragraph 13.

14. Defendant Gibson admits the allegations in Paragraph 14.

15. Defendant Gibson denies the allegations in Paragraph 15.

16. Defendant Gibson admits the allegations in Paragraph 16.

17. Responding to Paragraph 17, Defendant Gibson admits that his interaction with Obregon lasted several minutes, but denies that they "conversed."

18. Responding to Paragraph 18, Defendant Gibson admits that Obregon did not explicitly threaten him during the initial part of their interaction, but notes that he observed an unknown bulky object in the front pocket of Obregon's sweatshirt and noticed Obregon looking and pacing around and pulling at the shoulder straps of his backpack.

19. Defendant admits the allegations in Paragraph 19.

20. Defendant admits the allegations in Paragraph 20.

21. Responding to Paragraph 21, Defendant Gibson admits that Obregon started to run from him.

22. Responding to Paragraph 22, Defendant Gibson admits only that Obregon ran *towards* the driveway gate.

23. Defendant Gibson denies the allegations in Paragraph 23.

24. Responding to Paragraph 24, Defendant Gibson admits that Obregon fell to the ground but denies the timeline of this event as set forth in the Complaint.

25. Defendant Gibson denies the allegations in Paragraph 25.

26. Defendant Gibson denies the allegations in Paragraph 26.

27. Defendant Gibson denies the allegations in Paragraph 27.

28. Defendant Gibson denies the allegations in Paragraph 28.

29. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and therefore denies the same.

30. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and therefore denies the same.

31. Defendant Gibson denies the allegations in Paragraph 31 on information and belief and based on MB's statements captured in body-worn camera.

32. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and therefore denies the same.

33. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and therefore denies the same.

34. Defendant Gibson denies the allegations in Paragraph 34 on information and belief and based on MB's statements to officers captured in body-worn camera.

35. Responding to Paragraph 35, Defendant Gibson admits only that MB came outside after he fired at Obregon.

36. Responding to Paragraph 36, Defendant Gibson lacks knowledge or information sufficient to form a belief about what MB "reported" at an unknown time, and therefore denies the same.

37. Responding to Paragraph 37 Defendant Gibson lacks knowledge or information sufficient to form a belief about what "time" the allegation is referring to, and therefore denies the same. Defendant Gibson denies any allegation that he did not provide reasonable medical attention to Obregon.

38. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 and therefore denies the same.

39. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and therefore denies the same.

40. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and therefore denies the same.

41. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 and therefore denies the same.

42. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and therefore denies the same.

43. Defendant Gibson denies the allegations in Paragraph 43.

44. Defendant Gibson denies the allegations in Paragraph 44.

45. Defendant Gibson denies the allegations in Paragraph 45.

46. Responding to Paragraph 46, Defendant Gibson lacks knowledge or information sufficient to form a belief about what MB "reported" at an unknown time, and therefore denies the same. Defendant Gibson denies that MB was "unable to leave."

47. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 and therefore denies the same.

48. Defendant Gibson denies the allegations in Paragraph 48.

49. Defendant Gibson denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant Gibson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and therefore denies the same.

52. Defendant Gibson denies the allegations in Paragraph 52.

53. Defendant Gibson denies the allegations in Paragraph 53.

54. Responding to Paragraph 54, Defendant Gibson admits that MB appeared angry and argued with the law enforcement members trying to assist her. Defendant Gibson denies the remaining allegations in Paragraph 54.

55. Defendant Gibson denies the allegations in Paragraph 55.

56. Defendant Gibson denies the allegations in Paragraph 56.

57. Defendant Gibson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies the same.

58. Defendant Gibson denies the allegations in Paragraph 58.

59. Defendant Gibson denies the allegations in Paragraph 59.

60. Defendant Gibson denies the allegations in Paragraph 60.

61. Defendant Gibson denies the allegations in Paragraph 61.

62. Defendant Gibson denies the allegations in Paragraph 62.

63. Responding to Paragraph 63, Defendant Gibson lacks knowledge or information sufficient to form a belief about what an unnamed witness reported, and therefore denies the same. Defendant Gibson expressly denies that Obregon "at no point brandished or otherwise held a weapon during the interaction."

64. Responding to Paragraph 64, Defendant Gibson lacks knowledge or information sufficient to form a belief about what an unnamed witness reported, and therefore denies the same. Defendant Gibson denies that he took the actions as described in Paragraph 64.

65. Responding to Paragraph 65, Defendant Gibson admits that Ring camera video was recovered from a neighboring house but denies that it fully captured the encounter between him and Obregon.

66. Responding to Paragraph 66, Defendant Gibson admits that the video is from a distance and not all events are visible. Defendant Gibson denies the remaining allegations in Paragraph 66.

67. Defendant Gibson denies the allegations in Paragraph 67. The video does not show this level of detail.

68. Defendant Gibson admits the allegations in Paragraph 68.

69. Responding to Paragraph 69, Defendant Gibson denies that the video shows this level of detail.

70. Responding to Paragraph 70, Defendant Gibson denies that the video shows this level of detail.

71. Responding to Paragraph 71, Defendant Gibson admits that the video shows him firing his weapon. Defendant Gibson lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 71 and therefore denies the same.

72. Responding to Paragraph 72, Defendant Gibson admits that a Smith and Wesson pistol was found several feet from Obregon's body, and that investigators did not locate any rounds from that pistol at the scene. Defendant Gibson denies the implications from Plaintiff's phrasing, "PCSO personnel reportedly 'found' . . . ."

73. Responding to Paragraph 73, Defendant Gibson admits that he fired ten rounds.

74. Responding to Paragraph 74, the Medical Examiner's Report speaks for itself.

75. Responding to Paragraph 75, Defendant Gibson admits only that he told detectives that Obregon tripped while running from him and landed face down on the ground.

76. Defendant Gibson denies the allegations in Paragraph 76.

77. Defendant Gibson admits the allegations in Paragraph 77 but denies the timeline set forth in the FAC.

78. Responding to Paragraph 78, Defendant Gibson admits that he said that he saw Obregon's weapon fall to the ground. He lacks sufficient knowledge or information to respond to the remaining allegations in Paragraph 78 and therefore denies the same.

## COUNT II
## EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983
**(Gibson)**

87. In answering Paragraph 87, Defendant Gibson incorporates his answers to Paragraphs 1 through 78, above.

88. Paragraph 88 contains a legal conclusion to which no response is required.

89. Defendant Gibson denies that he violated Obregon's constitutional rights. The remainder of Paragraph 89 contains legal conclusions to which no response is required.

90. Defendant Gibson denies the allegations in Paragraph 90.

91. Defendant Gibson denies the allegations in Paragraph 91.

92. Defendant Gibson denies the allegations in Paragraph 92.

93. Defendant Gibson denies the allegations in Paragraph 93.

94. Defendant Gibson denies the allegations in Paragraph 94.

95. Defendant Gibson denies the allegations in Paragraph 95.

96. Defendant Gibson denies the allegations in Paragraph 96.

97. Defendant Gibson denies the allegations in Paragraph 97.

98. Defendant Gibson denies the allegations in Paragraph 98.

99. Defendant Gibson denies the allegations in Paragraph 99.

# COUNT IV
# BATTERY
# (ALL DEFENDANTS)

117. In answering Paragraph 117, Defendant Gibson incorporates his answers to Paragraphs 1 through 99, above.

118. Defendant Gibson denies the allegations in Paragraph 118.

119. Defendant Gibson denies the allegations in Paragraph 119.

120. Defendant Gibson denies the allegations in Paragraph 120.

121. Defendant Gibson denies the allegations in Paragraph 121.

122. Defendant Gibson denies the allegations in Paragraph 122.

## JURY TRIAL DEMAND

131. In answering Paragraph 131 of Plaintiffs' FAC, Defendant Gibson also demands a jury trial.

## PRAYER FOR RELIEF

In answering the remaining allegations in the Complaint, Defendant denies that Plaintiffs are entitled to the relief sought, or any relief.

## AFFIRMATIVE DEFENSES

Defendant Gibson sets forth the following defenses to Count II and Count IV of the FAC. Some of the defenses outlined below are true affirmative defenses (on which Defendant would bear the burden of proof); other defenses are outlined for the purpose of placing the Plaintiff on notice of the legal defenses that Defendant will assert for the purpose of allowing Plaintiff to fully evaluate her claims as this relates to any future request by Defendant for attorneys' fees for any claim that is subject to dismissal by the Court.

1. The FAC, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff may have failed to comply with the Notice of Claim statute, A.R.S. ¶ 12-821.01

3. Defendant Gibson is entitled to all privileges and immunities, including qualified immunity, extended to governmental employees and/or entities under federal law as described in *Hunter v. Bryant*, 112 S. Ct. 534 (1991) and *Saucier v. Katz*, 121 S. Ct. 2151 (2001).

4. Defendant Gibson is entitled to all privileges and immunities afforded to governmental employees and/or entities under state law, including those privileges and immunities provided in A.R.S. § 12-820, *et. seq.*

5. Defendant Gibson's conduct was not driven by evil motive or intent, nor was he reckless or callously indifferent to the decedent's constitutional rights, thereby precluding recovery of punitive or exemplary damages.

6. Plaintiff's claim for punitive damages is barred by A.R.S. § 12-820.04 and *Smith v. Wade*, 416 U.S. 30 (1983); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); and *Lancaster Community Hospital v. Antelope Valley Hospital District*, 940 F. 2d 397 (9th Cir. 1991).

7. At all times set forth in the FAC, Defendant Gibson's actions were objectively reasonable under the totality of the circumstances then existing.

8. Defendant Gibson had legal justification for all of his actions and performed and discharged, in good faith, each obligation, if any, owed to the decedent.

9. Defendant Gibson's use of force was justified under and privileged under Arizona's justification statutes, including A.R.S. Title 13, Section 400 et seq., including but not limited to §§ 13-403, 13-409, 13-410, 13-411, 13-413, and *Graham v. Connor*, 490 U.S. 386 (1989) and *Scott v. Harris,* 550 U.S. 372 (2007).

10. Plaintiff may have failed to mitigate her damages, thus barring or reducing the recovery against Defendant Gibson.

11. The decedent assumed the risk of injury, acted in direct and intentional violation of Arizona laws, and acted intentionally and knowingly, jeopardizing his safety and well-being.

12. The decedent was solely or comparatively at fault for the injuries and damages alleged in the FAC, thereby barring or reducing any recovery.

13. The decedent's flight/non-compliance was not justified and any injuries sustained were the result of the decedent's unlawful and/or unjustified actions.

14. Deputy Gibson alleges the immunities and presumptions set forth in A.R.S. §§ 12-711, 12-712, and 12-716, including all applicable attorneys' fees under these sections.

15. Defendant Gibson alleges that Plaintiff's decedent engaged in the felony acts of resisting arrest and aggravated assault on a law enforcement officer, justifying the need for the Defendant Gibson's use of force.

16. Defendant Gibson puts Plaintiff on notice that further affirmative defenses may be added in an amended answer after discovery. These defenses may include any defense set forth in Rule 8(d) and/or Rule 12(b) of the Federal Rules of Civil Procedure or as otherwise allowed by law.

WHEREFORE, Defendant respectfully requests that:

A. Plaintiffs' FAC be dismissed with prejudice, and that Plaintiffs take nothing therein;

B. Defendant be awarded his costs, expenses, and attorney fees pursuant to A.R.S. §§ 12-349, 12-350, 13-420, and 12-716.

C. Defendant be awarded such other and further relief as this Court deems just and equitable.

DATED this 4th day of October, 2024.

WIENEKE LAW GROUP, PLC

By: */s/ Laura Van Buren*
Kathleen L. Wieneke
Laura Van Buren
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
*Attorneys for Defendants Lamb and Gibson*

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Robert T. Mills
> Sean A. Woods
> MILLS + WOODS LAW, PLLC
> 5055 North 12th Street, Suite 101
> Phoenix, Arizona 85014
> *Attorneys for Plaintiffs*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is NOT a registered participant of the CM/ECF System:

> N/A

By:  */s/ Lauren Rasmussen*