Kathleen L. Wieneke, Bar #011139
Laura Van Buren, Bar #031669
WIENEKE LAW GROUP, PLC
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
Telephone: (602) 715-1868
Fax: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: lvanburen@wienekelawgroup.com

Attorneys for Defendants Lamb and Gibson

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ALLISON OBREGON, an individual; ALLISON OBREGON on behalf of and as legal guardian and parent of her minor child, MC; ALLISON OBREGON as pending personal representative of THE ESTATE OF MICHEAL OBREGON; MEAGAN BRADY, individually; MEAGAN BRADY on behalf of and as legal guardian and parent of her minor child, MB;<br><br>Plaintiffs,<br><br>v.<br><br>MARK LAMB and JANE DOE LAMB, husband and wife; BRADY GIBSON and JANE DOE GIBSON, husband and wife; JOHN AND JANE DOES 1-X,<br><br>Defendants. | NO. 2:24-cv-01510-PHX-KML<br><br>**DEFENDANTS LAMB AND GIBSON'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendants Lamb and Gibson ("Defendants") admit, deny, and allege as follows in response to Counts I, II, III, and V of Plaintiffs' First Amended Complaint.[1] Defendants deny each and every allegation and claim for relief that is not expressly admitted or otherwise pled to.

---

[1] Plaintiffs state that they "inadvertently left" Count IV (battery) in the FAC, and state that they "recognize that it should have been removed." (Doc. 39 at 10:16-19.) The Court subsequently dismissed that claim. (Doc. 48 at 3:7-8.)

## INTRODUCTION

Responding to Paragraph 1 of the Introduction section in Plaintiffs' FAC, Defendants admit that Allison Obregon purports to bring a wrongful death claim and a claim for violation of Michael Obregon's Fourth Amendment rights on behalf of herself, minor child MC, and the decedent's estate. At this time, Defendants lack knowledge or information sufficient to form a belief as to the allegation that Michael was the father of Allison's minor child, MC, and therefore deny the same. Defendants deny the remaining allegations in Paragraph 1 of the Introduction.

Responding to Paragraph 2 of the Introduction, Defendants admit that Meagan Brady purports to bring a claim for intentional infliction of emotional distress on behalf of MB against Defendant Gibson. Defendants deny the remaining allegations in Paragraph 2 of the Introduction.

## JURISDICTION AND VENUE

1. Responding to Paragraph 1, Defendants deny that jurisdiction was proper in the Superior Court of Arizona where this Complaint was originally filed. Defendants assert that the District Court for the District of Arizona has jurisdiction over this suit. Defendants deny that the events alleged in the FAC occurred in Maricopa County, Arizona.

2. Paragraph 2 contains no factual allegations against Defendants, and therefore no response is required. The Complaint speaks for itself.

3. Responding to Paragraph 3, Defendants deny that jurisdiction was proper in the Superior Court where this Complaint was originally filed and assert that the District Court for the District of Arizona has jurisdiction over this suit.

4. Responding to Paragraph 4, Defendants admit that Plaintiffs prepared and served Notices of Claim. Defendants reserve all arguments regarding the sufficiency of those Notices of Claim.

5. Responding to Paragraph 5, Defendants admit that venue is proper in the current court. Defendants deny the remaining allegations in Paragraph 5.

## PARTIES

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and therefore deny the same.

7. Responding to Paragraph 7, Defendants admit only that Michael Obregon is deceased. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7 and therefore deny the same.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore deny the same.

9. Defendants admit the allegations in Paragraph 9 on information and belief.

10. Responding to Paragraph 10, Defendants admit only that Defendant Lamb was Sheriff of Pinal County at all relevant times.

11. Responding to Paragraph 11, Defendants admit that at all relevant times, Brady Gibson was a deputy sheriff with the Pinal County Sheriff's Office.

## FACTUAL ALLEGATIONS

12. Responding to Paragraph 12, Defendants admit that Michael Obregon was riding a red motorcycle on the evening of March 16, 2023. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12 and therefore deny the same.

13. Responding to Paragraph 13, Defendants admit that Defendant Gibson was operating his patrol vehicle and activated his vehicle's red and blue lights after seeing Obregon commit a traffic violation. Defendants deny the remaining allegations in Paragraph 13.

14. Defendants admit the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants admit the allegations in Paragraph 16.

17. Responding to Paragraph 17, Defendants admit that Defendant Gibson's initial interaction with Obregon lasted several minutes but deny that they "conversed."

18. Responding to Paragraph 18, Defendants admit that Obregon did not explicitly threaten Defendant Gibson during the initial part of their interaction but affirmatively allege that Defendant Gibson observed an unknown bulky object in the front pocket of Obregon's sweatshirt and noticed Obregon looking and pacing around and pulling at the shoulder straps of his backpack.

19. Defendants admit the allegations in Paragraph 19.

20. Responding to Paragraph 20, Defendants admit that Obregon made no overtly threatening movements during this portion of the interaction, but affirmatively allege that Defendant Gibson observed an unknown bulky object in the front pocket of Obregon's sweatshirt and noticed Obregon looking and pacing around and pulling at the shoulder straps of his backpack.

21. Responding to Paragraph 21, Defendants admit that Obregon started to run from Defendant Gibson. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21 and therefore deny the same.

22. Responding to Paragraph 22, Defendant Gibson admits only that Obregon ran *towards* the driveway gate. Defendants deny the remaining allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23 and affirmatively allege that Defendant Gibson fired only after Obregon pointed a firearm at him.

24. Responding to Paragraph 24, Defendants admit that Obregon fell to the ground and into a prone position while he was running toward the gate. Defendants deny the timeline of this event as set forth in the Complaint.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and therefore deny the same.

1   30.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and therefore deny the same.

31.   Defendants deny the allegations in Paragraph 31 on information and belief and based on MB's statements captured in body-worn camera.

32.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and therefore deny the same.

33.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and therefore deny the same.

34.   Defendants deny the allegations in Paragraph 34 on information and belief and based on MB's statements to officers captured in body-worn camera.

35.   Responding to Paragraph 35, Defendants admit only that MB came outside after Defendant Gibson fired at Obregon.

36.   Responding to Paragraph 36, Defendants lack knowledge or information sufficient to form a belief about what MB "reported" at an unknown time, and therefore deny the same.

37.   Responding to Paragraph 37, Defendants lack knowledge or information sufficient to form a belief about what "time" the allegation is referring to, and therefore deny the same.  Defendants deny any allegation that Defendant Gibson did not provide reasonable medical attention to Obregon.

38.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 and therefore deny the same.

39.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and therefore deny the same.

40.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and therefore deny the same.

41.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 and therefore deny the same.

1  42. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and therefore deny the same.

3  43. Defendants deny the allegations in Paragraph 43.

4  44. Defendants deny the allegations in Paragraph 44.

5  45. Defendants deny the allegations in Paragraph 45.

6  46. Responding to Paragraph 46, Defendants lack knowledge or information sufficient to form a belief about what MB "reported" at an unknown time and therefore deny the same. Defendants deny that MB was "unable to leave."

9  47. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 and therefore deny the same.

11  48. Defendants deny the allegations in Paragraph 48.

12  49. Defendants deny the allegations in Paragraph 49.

13  50. Defendants deny the allegations in Paragraph 50.

14  51. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and therefore deny the same.

16  52. Defendants deny the allegations in Paragraph 52.

17  53. Defendants deny the allegations in Paragraph 53.

18  54. Responding to Paragraph 54, Defendants admit that MB appeared angry and argued with the law enforcement members trying to assist her. Defendants deny the remaining allegations in Paragraph 54.

21  55. Defendants deny the allegations in Paragraph 55.

22  56. Defendants deny the allegations in Paragraph 56.

23  57. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 that MB called Meagan, and therefore deny the same. Defendants deny the remaining allegations in Paragraph 57 and deny that MB was "subjected" to any "horror."

27  58. Defendants deny the allegations in Paragraph 58.

28  59. Defendants deny the allegations in Paragraph 59.

1  60. Defendants deny the allegations in Paragraph 60.

2  61. Defendants deny the allegations in Paragraph 61.

3  62. Defendants deny the allegations in Paragraph 62.

4  63. Responding to Paragraph 63, Defendants lack knowledge or information
5  sufficient to form a belief about what an unnamed witness reported and therefore deny the
6  same. Defendants expressly deny the unnamed witness's recounting of events.

7  64. Responding to Paragraph 64, Defendants lack knowledge or information
8  sufficient to form a belief about what an unnamed witness reported, and therefore deny the
9  same. Defendants deny that Defendant Gibson took the actions as described in Paragraph
10 64.

11 65. Responding to Paragraph 65, Defendants admit that Ring camera video was
12 recovered from a neighboring house but deny that it fully captured the encounter between
13 Defendant Gibson and Obregon.

14 66. Responding to Paragraph 66, Defendants admit that the video is from a
15 distance and not all events are visible in the raw footage. Defendants deny the remaining
16 allegations in Paragraph 66.

17 67. Defendants deny the allegations in Paragraph 67. The raw footage of the video
18 does not show this level of detail.

19 68. Defendants admit the allegations in Paragraph 68.

20 69. Responding to Paragraph 69, Defendants deny that the raw video footage
21 shows this level of detail.

22 70. Responding to Paragraph 70, Defendants deny that the raw video footage
23 shows this level of detail.

24 71. Responding to Paragraph 71, Defendants admit that the video shows
25 Defendant Gibson's weapon firing. Defendants lack sufficient knowledge or information to
26 form a belief as to the truth of the remaining allegations in Paragraph 71 and therefore deny
27 the same.

28

72. Responding to Paragraph 72, Defendants admit that a Smith and Wesson pistol was found several feet from Obregon's body, and further admit that investigators did not locate any rounds from that pistol at the scene. Defendants deny the implications from Plaintiffs' phrasing, "PCSO personnel reportedly 'found' . . . ."

73. Responding to Paragraph 73, Defendants admit that Defendant Gibson fired ten rounds.

74. Responding to Paragraph 74, the Medical Examiner's Report speaks for itself.

75. Responding to Paragraph 75, Defendants admit only that Defendant Gibson told detectives that Obregon tripped while running from him and landed face down on the ground.

76. Defendants deny the allegations in Paragraph 76.

77. Defendants admit the allegations in Paragraph 77 but deny the timeline set forth throughout the FAC.

78. Responding to Paragraph 78, Defendants admit that Defendant Gibson told detectives that he saw Obregon's weapon fall to the ground. Defendants lack sufficient knowledge or information to respond to the remaining allegations in Paragraph 78 and therefore deny the same.

**COUNT I**
**WRONGFUL DEATH PURSUANT TO A.R.S. § 12-611, *et seq.*
(ALL DEFENDANTS)**

79. Responding to Paragraph 79, Defendants incorporate their answers to Paragraphs 1 through 78, above.

80. Paragraph 80 contains a pure statement of law to which no response is required.

81. At this time, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore deny the same.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86.

## COUNT II
## EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983
**(Gibson)**

87. In answering Paragraph 87, Defendant Gibson incorporates his answers to Paragraphs 1 through 86, above.

88. Paragraph 88 contains a pure statement of law to which no response is required.

89. Defendant Gibson denies that he violated Obregon's constitutional rights. The remainder of Paragraph 89 contains legal conclusions to which no response is required.

90. Defendant Gibson denies the allegations in Paragraph 90.

91. Defendant Gibson denies the allegations in Paragraph 91.

92. Defendant Gibson denies the allegations in Paragraph 92.

93. Defendant Gibson denies the allegations in Paragraph 93.

94. Defendant Gibson denies the allegations in Paragraph 94.

95. Defendant Gibson denies the allegations in Paragraph 95.

96. Defendant Gibson denies the allegations in Paragraph 96.

97. Defendant Gibson denies the allegations in Paragraph 97.

98. Defendant Gibson denies the allegations in Paragraph 98.

99. Defendant Gibson denies the allegations in Paragraph 99.

## COUNT III
## GROSS NEGLIGENCE
**(ALL DEFENDANTS)**

100. In answering Paragraph 100, Defendants incorporate their answers to Paragraphs 1 through 99, above.

1 | 101. Paragraph 101 contains a pure statement of law to which no response is required.

2 | 102. Defendants deny the allegations in Paragraph 102.

3 | 103. Defendants deny the allegations in Paragraph 103.

4 | 104. Defendants deny the allegations in Paragraph 104.

5 | 105. Defendants deny the allegations in Paragraph 105.

6 | 106. Defendants deny the allegations in Paragraph 106.

7 | 107. Defendants deny the allegations in Paragraph 107.

8 | 108. Paragraph 108 contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny that Paragraph 108 is an accurate statement of the law.

9 | 109. Paragraph 109 contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny that Paragraph 109 is an accurate statement of the law.

10 | 110. Defendants deny the allegations in Paragraph 110.

11 | 111. Defendants deny the allegations in Paragraph 111.

12 | 112. Paragraph 112 contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny that Paragraph 112 is an accurate statement of the law.

13 | 113. Defendants deny the allegations in Paragraph 113.

14 | 114. Defendants deny the allegations in Paragraph 114.

15 | 115. Defendants deny the allegations in Paragraph 115.

16 | 116. Defendants deny the allegations in Paragraph 116.

## COUNT V

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OF MB

**(Gibson)**

122. In answering Paragraph 122, Defendant Gibson incorporates the answers to Paragraphs 1 through 116, above.

123. Defendant Gibson denies the allegations in Paragraph 123.

124. Defendant Gibson denies the allegations in Paragraph 124.

125. Defendant Gibson denies the allegations in Paragraph 125.

126. Defendant Gibson denies the allegations in Paragraph 126.

127. Defendant Gibson denies the allegations in Paragraph 127.

128. Defendant Gibson denies the allegations in Paragraph 128.

129. Defendant Gibson denies the allegations in Paragraph 129.

130. Defendant Gibson denies the allegations in Paragraph 130.

**JURY TRIAL DEMAND**

131. In answering Paragraph 131 of Plaintiffs' FAC, Defendants also demand a jury trial.

**PRAYER FOR RELIEF**

In answering the remaining allegations in the First Amended Complaint, Defendants deny that Plaintiffs are entitled to the relief sought, or any relief.

**AFFIRMATIVE DEFENSES**

Defendants set forth the following defenses to the FAC. Some of the defenses outlined below are true affirmative defenses (on which Defendants would bear the burden of proof); other defenses are outlined for the purpose of placing Plaintiffs on notice of the legal defenses that Defendants will assert for the purpose of allowing Plaintiffs to fully evaluate their claims as it relates to any future request by Defendants for attorneys' fees for any claim that is subject to dismissal by the Court.

1. The FAC, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiffs may have failed to comply with the Notice of Claim statute, A.R.S. ¶ 12-821.01

3. Defendant Gibson is entitled to all privileges and immunities, including qualified immunity, extended to governmental employees and/or entities under federal law

as described in *Hunter v. Bryant*, 112 S. Ct. 534 (1991) and *Saucier v. Katz*, 121 S. Ct. 2151 (2001).

4. Defendants are entitled to all privileges and immunities afforded to governmental employees and/or entities under state law, including those privileges and immunities provided in A.R.S. § 12-820, *et. seq.* and immunities afforded to law enforcement when 'performing an act that inherently requires judgment or discretion.'" *Spooner v. City of Phoenix*, 246 Ariz. 119, 123, 435 P.3d 462 ¶ 9 (App. 2018).

4. Defendant Gibson's conduct was not driven by evil motive or intent, nor was he reckless or callously indifferent to the decedent's constitutional rights, thereby precluding recovery of punitive or exemplary damages.

5. Plaintiffs' claims for punitive damages is barred by A.R.S. § 12-820.04 and *Smith v. Wade*, 416 U.S. 30 (1983); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); and *Lancaster Community Hospital v. Antelope Valley Hospital District*, 940 F. 2d 397 (9th Cir. 1991).

6. At all times set forth in the FAC, Defendant Gibson's actions were objectively reasonable under the totality of the circumstances then existing.

7. Defendant Gibson had legal justification for all of his actions and performed and discharged, in good faith, each obligation, if any, owed to the decedent.

8. Defendant Gibson's use of force was justified under and privileged under Arizona's justification statutes, including A.R.S. Title 13, Section 400 et seq., including but not limited to §§ 13-403, 13-409, 13-410, 13-411, 13-413, and *Graham v. Connor*, 490 U.S. 386 (1989) and *Scott v. Harris,* 550 U.S. 372 (2007).

9. Plaintiffs may have failed to mitigate their damages, thus barring or reducing the recovery against Defendants.

10. Michael Obregon assumed the risk of injury, acted in direct and intentional violation of Arizona laws, and acted intentionally and knowingly, jeopardizing his safety and well-being.

11.     Michael Obregon was solely or comparatively at fault for the injuries and damages alleged in the FAC, thereby barring or reducing any recovery.

12.     Michael Obregon flight/non-compliance was not justified and any injuries sustained were the result of the decedent's unlawful and/or unjustified actions.

13.     Defendants allege the immunities and presumptions set forth in A.R.S. §§ 12-711, 12-712, and 12-716, including all applicable attorneys' fees under these sections.

14.     Defendants allege that Michael Obregon engaged in the felony acts of resisting arrest and aggravated assault on a law enforcement officer, justifying the need for the Defendant Gibson's use of force.

15.     Defendants' alleged conduct was not the proximate cause of any injuries, losses, or damages to Plaintiffs.

16.     To the extent Plaintiff Obregon's state law claims are based on Defendant Gibson's use of force, they are barred under *Ryan v. Napier*, 425 P.3d 230 (Ariz. 2018).

17.     Defendant Lamb is entitled to immunity and cannot be liable under A.R.S. § 12-820.05.

18.     Defendant Gibson satisfied all legal duties owed to Michael Obregon in regard to the medical care he provided.

19.     Any medical care that Defendant Gibson provided, or lack thereof, did not cause Michael Obregon's death.

20.     As to MB's claim for intentional infliction of emotional distress, the conduct by Defendant Gibson was reasonable and not "extreme" or "outrageous."

21.     As to MB's claim for intentional infliction of emotional distress, Defendant Gibson did not intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from the conduct.

22.     As to MB's claim for intentional infliction of emotional distress, MB did not experience severe emotional distress resulting from Defendant Gibson's conduct.

23.     Defendants incorporate by reference all arguments asserted in their Motions to Dismiss and supplemental pleadings as if fully stated herein.

24. Defendants put Plaintiff on notice that further affirmative defenses may be added in an amended answer after discovery. These defenses may include any defense set forth in Rule 8(d) and/or Rule 12(b) of the Federal Rules of Civil Procedure or as otherwise allowed by law.

WHEREFORE, Defendants respectfully request that:

A. Plaintiffs' FAC be dismissed with prejudice, and that Plaintiffs take nothing therein;

B. Defendants be awarded their costs, expenses, and attorneys' fees pursuant to A.R.S. §§ 12-349, 12-350, 13-420, and 12-716.

C. Defendants be awarded such other and further relief as this Court deems just and equitable.

DATED this 22nd day of April, 2025

WIENEKE LAW GROUP, PLC

By: */s/ Laura Van Buren*
Kathleen L. Wieneke
Laura Van Buren
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
*Attorneys for Defendants Lamb and Gibson*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Robert T. Mills
Sean A. Woods
MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
*Attorneys for Plaintiffs*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is NOT a registered participant of the CM/ECF System:

N/A

By: */s/ Meredith Reeve*