1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF ARIZONA**

8    ALLISON OBREGON, an individual;                NO. 2:24-cv-01510- KML
     ALLISON OBREGON on behalf of and as
9    legal guardian and parent of her minor child,
     MC; ALLISON OBREGON as pending               **PROTECTIVE ORDER**
10   personal representative of THE ESTATE OF
     MICHEAL OBREGON; MEAGAN BRADY,
11   individually; MEAGAN BRADY on behalf of
     and as legal guardian and parent of her minor
12   child, MB;

13                  Plaintiffs,

14   v.

15   MARK LAMB and JANE DOE LAMB,
     husband and wife; BRADY GIBSON and
16   JANE DOE GIBSON, husband and wife;
     JOHN AND JANE DOES 1-X,
17
                    Defendants.
18

19        The court recognizes that documents and information ("**Materials**" as defined

20   herein) being sought through discovery in the above-captioned action are considered

21   confidential by the parties. The parties have agreed to be bound by the terms of this

22   Protective Order ("**order**") in this action to facilitate document production and disclosure,

23   and to protect the respective interests of the parties in their confidential information. This

24   order shall remain in effect unless modified pursuant to the terms contained in this order.

25        Accordingly,

26        **IT IS ORDERED** that the parties' Joint Motion (Doc. 69) is GRANTED and the

27   following provisions shall be enforced.

28

The following Definitions apply in this order:

The term "**Confidential Information**" means information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party.

The term "**Materials**" includes, but is not limited to: documents; correspondence; memoranda; financial information; emails; specifications; marketing plans; marketing budgets; customer information; materials that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; forecasts; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; sketches; drawings; notes of discussions with third parties; other notes; business reports; instructions; disclosures; other writings; records of website development; and internet archives.

The term "**Counsel**" means all counsel of record throughout the litigation, including outside counsel of record, and other attorneys, paralegals, secretaries, and support staff employed in the office of any counsel of record.

The following provisions apply in this action:

A.    Each party to this action that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and/or transcripts of trial testimony and depositions that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL."

1.    Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good-faith belief of such party and its Counsel, the unrestricted disclosure of such information could be harmful to

2

the business or operations of such party, or to the party's personal privacy interest in their own medical and/or juvenile records.

B.    Whenever a deposition taken on behalf of any party involves the disclosure of Confidential Information of any party:

1.    The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this order. Such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings. A party will have until 30 days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL."

2.    Prior to the disclosure of Confidential Information, the disclosing party will have the right to exclude from attendance at the deposition any person other than the deponent, Counsel (including their staff and associates), the court reporter, and person(s) agreed upon by the parties.

3.    The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this order, and protected from being opened except by order of this court.

C.    All Confidential Information designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this order, must be handled in the manner set forth below, and must not be used for any purpose other than in connection with this action, unless and until such designation is removed either by agreement of the parties or by order of the court.

D.    Information designated "CONFIDENTIAL" may be viewed only by the following individuals:

1.    Counsel (as defined above) of the receiving party;

3

2.    Independent experts and stenographic and clerical employees associated with such experts. Prior to receiving any Confidential Information of the producing party, the expert must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A. Counsel for the receiving party must retain executed copies of such exhibits;

3.    The court and any court staff and administrative personnel;

4.    Any court reporter employed in this action and acting in that capacity;

5.    Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action.

6.    Party principals or executives who are required to participate in policy decisions with reference to this action;

7.    Technical personnel of the parties with whom Counsel for the parties find it necessary to consult in preparation for trial of this action; and

8.    Stenographic and clerical employees associated with the individuals identified above.

E.    If a party wishes to file a document that has been designated as "CONFIDENTIAL" or if a party wishes to refer in a motion or other filing to information so designated by another party, the parties must comply with the following procedures which differ from those set forth in Local Rule 5.6. The party wishing to file or refer to information designated as "CONFIDENTIAL" must confer with the designating party about the need to file the document under seal and whether the parties can agree on a stipulation seeking to have the document filed under seal. If the parties are unable to agree, the party that does not believe the document should be filed under seal must file a "Notice of Intent to File Publicly" and lodge the documents under seal. (Section II(J)(1) of the Electronic Case Filing Administrative Policies and

4

1    Procedures Manual explains how this filing must be completed.) The opposing party

2    must then file a motion to seal. Every motion to seal, including stipulations, must

3    identify the legal standard applicable to the document at issue and explain why the

4    material sought to be sealed meets that standard. "Compelling reasons" must be

5    shown where the motion or document is more than tangentially related to the merits

6    of the case and "good cause" must be shown for other motions or documents. *See*

7    *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The

8    party that does not believe the material should be filed under seal may file a response.

9    No reply is allowed. If no motion to seal is filed, the lodged motion or documents

10   will be filed on the public docket. Additionally, a party referencing information that

11   may be sealed shall, within the applicable deadline, file a redacted, unsealed version

12   of any motion, response or reply if the party is waiting for a ruling from the court on

13   filing an unredacted, sealed version of the same document. No portion of the trial of

14   the matter shall be conducted under seal. Nothing in this order shall be construed as

15   automatically permitting a party to file under seal. Furthermore, the mere fact the

16   parties have designated certain materials or information as confidential pursuant to

17   an agreement or stipulation does not establish the legal standard for placing those

18   materials or information under seal has been met.

19  F.   Confidential Information and Materials designated "CONFIDENTIAL" shall be

20       used solely for the prosecution or defense of this action. A party that wishes to use

21       Confidential Information and/or Materials designated "CONFIDENTIAL" for a

22       purpose other than the prosecution or defense of this action must request permission,

23       in writing, from Counsel for the producing party. The receiving party's request must

24       identify the Confidential Information and/or Materials designated

25       "CONFIDENTIAL" that the receiving party wishes to use and must identify the

26       purpose for using it. If the parties cannot resolve the question of whether the

27       receiving party can use Confidential Information and/or Materials designated

28       "CONFIDENTIAL" for a purpose other than the prosecution or defense of this

1    action within fourteen days of the producing party's receipt of such a request, the

2    receiving party may move the court for a ruling on the receiving party's request. In

3    the event any party files a motion seeking to use Confidential Information and/or

4    Materials designated "CONFIDENTIAL" for a purpose other than the prosecution

5    or defense of this action, the Confidential Information and/or Materials designated

6    "CONFIDENTIAL" shall be submitted to the court, under seal, for an in-camera

7    inspection. Any Confidential Information and/or Materials designated

8    "CONFIDENTIAL" at issue must be treated as Confidential Information, as

9    designated by the producing party, until the court has ruled on the motion or the

10    matter has been otherwise resolved.

11    G.    At any stage of these proceedings, any party may object to a designation of

12    confidentiality. The party objecting to confidentiality must submit written objections

13    and the grounds for the objections to Counsel for the producing party. If the dispute

14    is not resolved within fourteen days of receipt of objections, the objecting party may

15    move the court for a ruling on the objection. In the event any party files a motion

16    challenging the designation or redaction of information, the document shall be

17    submitted to the court, under seal, for an in-camera inspection. The Materials at issue

18    must be treated as Confidential Information, as designated by the producing party,

19    until the court has ruled on the objection or the matter has been otherwise resolved.

20    H.    At any stage of these proceedings, any party may request that it be permitted to

21    disclose Materials designated as Confidential Information to individuals not

22    permitted by this order to view such Materials. The party must submit to Counsel for

23    the producing party a written notice identifying the relevant Materials and the

24    individuals to whom the party wishes to disclose the Materials. If the request is not

25    resolved within fourteen days of receipt of such a request, the requesting party may

26    move the court for a ruling allowing such disclosure. If any party files a motion

27    requesting such disclosure, the Materials shall be submitted to the court, under seal,

28    for an in-camera inspection. The Materials at issue must be treated as Confidential

6

1      Information, as designated by the producing party, until the court has ruled on the

2      request.

3  I.   All Confidential Information must be held in confidence by those inspecting or

4      receiving it. To the extent the Confidential Information has not been disclosed prior

5      to and apart from this action, it must be used only for purposes of this action. If the

6      Confidential Information was exchanged between the parties prior to and apart from

7      this action for purposes of conducting their respective businesses, the parties may

8      continue to use that otherwise Confidential Information for that purpose. The parties

9      may not distribute the Confidential Information beyond those persons or entities that

10     had received the Confidential Information prior to this action. In addition, counsel

11     for each party, and each person receiving Confidential Information, must take

12     reasonable precautions to prevent the unauthorized or inadvertent disclosure of such

13     information. If Confidential Information is disclosed to any person other than a

14     person authorized by this order, the party responsible for the unauthorized disclosure

15     must immediately bring all pertinent facts relating to the unauthorized disclosure to

16     the attention of the other parties and, without prejudice to any rights and remedies of

17     the other parties, make every effort to prevent further disclosure by the party and by

18     the person(s) receiving the unauthorized disclosure.

19 J.   No party will be responsible to another party for disclosure of Confidential

20     Information under this order if the information in question is not labeled or otherwise

21     identified as such in accordance with this order.

22 K.   If a party, through inadvertence, produces any Confidential Information without

23     labeling or marking or otherwise designating it as such in accordance with this order,

24     the producing party may give written notice to the receiving party that the Materials

25     produced are deemed Confidential Information, and that the Materials produced

26     should be treated as such in accordance with that designation under this order. The

27     receiving party must treat the Materials as confidential once the producing party so

28     notifies the receiving party. If the receiving party has disclosed the Materials before

7

1    receiving the designation, the receiving party must notify the producing party in

2    writing of each such disclosure. Counsel for the parties will agree on a mutually

3    acceptable manner of labeling or marking the inadvertently produced Materials as

4    "CONFIDENTIAL."

5  L.   Nothing within this order will prejudice the right of any party to object to the

6    production of any discovery material on the grounds that the material is protected as

7    privileged or as attorney work product.

8  M.   Nothing in this order will bar Counsel from rendering advice to their clients with

9    respect to this action and, in the course thereof, relying upon any information

10    designated as Confidential Information, provided that the contents of the information

11    must not be disclosed.

12  N.   This order will be without prejudice to the right of any party to oppose production

13    of any information for lack of relevance or any other ground other than the mere

14    presence of Confidential Information. The existence of this order must not be used

15    by either party as a basis for discovery that is otherwise improper under the Federal

16    Rules of Civil Procedure.

17  O.   Information designated Confidential pursuant to this order also may be disclosed if:

18       1.    the party or non-party making the designation consents to such disclosure;

19       2.    the court, after notice to all affected persons, allows such disclosure; or

20       3.    the party to whom Confidential Information has been produced thereafter

21            becomes obligated to disclose the information in response to a lawful

22            subpoena, provided that the subpoenaed party gives prompt notice to Counsel

23            for the party which made the designation, and permits Counsel for that party

24            sufficient time to intervene and seek judicial protection from the enforcement

25            of this subpoena and/or entry of an appropriate protective order in the action

26            in which the subpoena was issued.

27  P.   Nothing in this order shall limit any producing party's use of its own documents or

28    shall prevent any producing party from disclosing its own Confidential Information

1   to any person. Such disclosures shall not affect any confidential designation made

2   pursuant to the terms of this order so long as the disclosure is made in a manner

3   which is reasonably calculated to maintain the confidentiality of the information.

4   Nothing in this order shall prevent or otherwise restrict Counsel from rendering

5   advice to their clients, and in the course thereof, relying on examination of stamped

6   confidential information.

7   Q.   Within 30 days of the final termination of this action, including any and all appeals,

8   Counsel for each party must purge all Confidential Information from all machine-

9   readable media on which it resides and must either return all Confidential

10   Information to the party that produced the information, including any copies,

11   excerpts, and summaries of that information, or destroy it. With respect to paper

12   copies, return or destruction of Confidential Information is at the option of the

13   producing party. Notwithstanding the foregoing, Counsel for each party may retain

14   all pleadings, briefs, memoranda, motions, and other documents filed with the court

15   that refer to or incorporate Confidential Information, and will continue to be bound

16   by this order with respect to all such retained information, after the conclusion of

17   this action. Further, attorney work product Materials that contain Confidential

18   Information need not be destroyed, but, if they are not destroyed, the person in

19   possession of the attorney work product will continue to be bound by this order with

20   respect to all such retained information after the conclusion of this action.

21   R.   The restrictions and obligations set forth within this order do not apply to any

22   information that:

23   1.   the parties agree should not be designated Confidential Information;

24   2.   the parties agree, or the court rules, is already public knowledge; or

25   3.   the parties agree, or the court rules, has become public knowledge other than

26   as a result of a violation of this order.

27

28

S.    Any party may designate as "CONFIDENTIAL" any Materials that were produced during the course of this action without such designation before the effective date of this order, as follows:

    1.    Parties to this action may designate such Materials by sending written notice of such designation, accompanied by copies of the designated Materials bearing the appropriate legend of "CONFIDENTIAL" to all other parties in possession or custody of such previously undesignated Materials. Any party receiving such notice and copies of designated Materials pursuant to this subparagraph shall return to the producing party all undesignated copies of such Materials in its custody or possession, or shall affix the appropriate legend to all copies of the designated Materials in its custody or possession.

    2.    Upon notice of designation pursuant to this paragraph, parties shall also:

        a.    make no disclosure of such designated Materials or information contained therein except as allowed under this order; and

        b.    take reasonable steps to notify any persons known to have possession of such designated Materials or information of the effect of such designation under this order.

    3.    All such designations must be made within 30 days of the date of this order.

T.    Transmission by e-mail, facsimile, or other reliable electronic means is acceptable for all notification purposes within this order.

U.    This order may be modified by agreement of the parties, subject to approval by the court.

V.    The court may modify the terms and conditions of this order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

W.    After termination of this action, the provisions of this order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information and Materials designated as

10

confidential for enforcement of the provisions of this order following termination of this action.

DATED: _____


_____
Honorable Krissa M. Lanham
United States District Judge

11

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| *****, an individual, | NO. 2:2_-cv-_____-___ |
| Plaintiff, | |
| v. | **AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |
| *****, et al., | |
| Defendants. | |

I, _____, declare and say that:

1.    I am employed as _____ by

_____.

2.    I have read the Stipulated Protective order (the "order") entered in

_____ and have received a copy of the order.

3.    I promise that I will use any and all "Confidential" information, as defined in the order, given to me only in a manner authorized by the order, and only to assist Counsel in the litigation of this matter.

4.    I promise that I will not disclose or discuss such "Confidential" or information with anyone other than the persons authorized to receive such information by the order.

5.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Arizona with respect to the enforcement of the order.

12

6.      I understand that any disclosure or use of "Confidential" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

7.      I will return all "Confidential" Materials (as defined in the order) to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Materials or any information contained within "Confidential" Materials.

I declare under penalty of perjury that the foregoing is true and correct.


DATE: _____


_____
Signature

13